# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHILLIPS/ MAY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-47C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

## JURISDICTIONAL STATEMENT[1]

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

## THE CONTRACT

4. Admits the allegations in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

---

[1] The complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in paragraph 5 that on May 23, 2001, plaintiff was issued a notice to proceed with all work that had been approved on required submittals; the remaining allegations contained in paragraph 5 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 that on November 7, 2003, plaintiff submitted a certified claim for delay, mal-administrative of the contract, overzealous inspection, and impossibility to the contracting officer; avers that on June 9, 2006, the contracting officer issued a final decision denying plaintiff's claim in its entirety; the remaining allegations in paragraph 6 constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in paragraph 7 that more than 60 days have passed since plaintiff submitted its claim to the contracting officer, but avers that the contracting officer's final decision on plaintiff's November 7, 2003 claim was issued on June 9, 2006; the remaining allegations contained in paragraph 7 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT I

## MAL-ADMINISTRATION OF THE CONTRACT

8. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

9. Admits the allegations contained in paragraph 9 that, on May 23, 2001, plaintiff was issued a notice to proceed with all work that had been approved on required submittals; further admits that on December 21, 2001, plaintiff's proposed civil and structural plans were deemed acceptable for construction to commence; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents. Denies the allegations in the second sentence of paragraph 10; avers that, on December 21, 2001, plaintiff's proposed civil and structural plans were deemed acceptable for construction to commence.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the contracted cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 that the Navy had a Design/Build Manual; otherwise denies the allegations contained in the second sentence of paragraph 11. Denies the allegations contained in the third and fourth sentences of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the manual cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the contract and manual cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 13. Denies the

allegation contained in the second sentence of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the manual cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the manual cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the manual cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the manual cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17.

18. Denies the allegations contained in the first and second sentences of paragraph 18. The allegations contained in the third sentence of paragraph 18 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in the introduction to paragraph 21.

(a) Admits the first sentence of subsection (a) of paragraph 21. Denies the second sentence of subsection (a) of paragraph 21.

(b) Admits the allegation contained in subsection (b) of paragraph 21 that there was a delay in connecting the telephone lines because of funding issues, but denies that delay was responsible for the overall delay in the occupancy of the new facility; otherwise denies the allegations contained in subsection (b) of paragraph 21.

(c) Admits the allegation contained in subsection (c) of paragraph 21 that the plaintiff was required to re-test and balance the HVAC systems and admits that a new report was required; otherwise, denies the allegations contained in subsection (c) of paragraph 21.

(d) Denies the allegations contained in subsection (d) of paragraph 21.

(e) Admits the allegation contained in subsection (e) of paragraph 21 that the "contract provided that the North American Free Trade Agreement ("NAFTA") applied to this project" to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in subsection (e) of paragraph 21.

(f) Admits the allegation in the first sentence of subsection (f) of paragraph 21 that numerous requests for information ("RFIs") were made to the Navy; otherwise denies the allegations contained in subsection (f) of paragraph 21.

(g) Denies the allegations contained in subsection (g) of paragraph 21.

(h) Denies the allegations contained in subsection (h) of paragraph 21.

(i) Denies the allegations contained in subsection (i) of paragraph 21.

(j) Denies the allegations contained in subsection (j) of paragraph 21.

(k) Denies the allegations contained in subsection (k) of paragraph 21.

## COUNT II

### ROLE OF THE QUALITY ASSURANCE REPRESENTATIVE

22. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

23. Admits the allegation contained in the first sentence of paragraph 23; otherwise, denies the allegations contained in the second, third, fourth, fifth, sixth, seventh, and eighth sentences of paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

## COUNT III

### OVER-ZEALOUS INSPECTIONS

**A. Examples of Inspection Actions Outside The QA Representative's Authority:**

26. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

27. The allegations contained in the first sentence of paragraph 27 constitute plaintiff's conclusions of law and characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 27. Denies the allegations contained in the third and fourth sentences of paragraph 27.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. The allegations contained in paragraph 29 constitute plaintiff's conclusions of law and characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**B.     Examples of the QA Representative Directing the Work**

30. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

31. The allegations contained in the first sentence of paragraph 31 constitute plaintiff's conclusions of law and characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the second sentence of paragraph 31 that the Quality Assurance Representative was responsible for reviewing the contractor's quality control program; otherwise, denies the allegations contained in the second sentence of paragraph 31.  Denies the allegations contained in the third sentence of paragraph 31.  Denies the allegations contained in subsections (a) through (ii) of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in paragraph 32 to the extent supported by the documents cited; otherwise denies the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 constitute plaintiff's conclusions of law and characterization of its case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

## COUNT IV

## MICRO-MANAGEMENT OF THE CONTRACT

34. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

35. Admits the allegations contained in the first sentence of paragraph 35. Denies the allegations contained in the second and third sentences of paragraph 35.

## COUNT V

## CONFLICTS WITH THE QUALITY ASSURANCE REPRESENTATIVE

36. Defendant's response to paragraphs 1 through 7 of the complaint are incorporated by reference.

37. Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies the allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits the allegation contained in the first sentence of paragraph 43. Denies the allegations contained in the second and third sentences of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

## COUNT VI

## IMPOSSIBILITY

44. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

45. Denies the allegations contained in paragraph 45.

## COUNT VII

## DAMAGES

46. Denies that plaintiff is entitled to the damages set forth in paragraph 46, or to any damages whatsoever.

47. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 46, or to any relief whatsoever.

48. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

Plaintiff's claims are barred, in whole or in part, by res judicata and collateral estoppel.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

|  |  |
|---|---|
|  | DAVID M. COHEN<br>Director |
|  |  |
|  | s/ Harold D. Lester, Jr.<br>HAROLD D. LESTER, JR.<br>Assistant Director |
| OF COUNSEL: |  |
| TRACY M. HUMPHREY<br>Senior Trial Attorney<br>Naval Facilities Engineering Command<br>Washington Navy Yard, D.C. 20374-5051 | s/ Dawn S. Conrad<br>DAWN S. CONRAD<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Attn: Classification Unit, 8th Floor<br>1100 L Street, N.W.<br>Washington, D.C. 20530<br>Tel: (202) 305-7562<br>Fax: (202) 305-7643 |
| electronically filed<br>July 31, 2006 | Attorneys for Defendant |

CERTIFICATE OF SERVICE

I hereby certify that on this 31st  day of July, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


s/Dawn S. Conrad